# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARTIN D. KOENIG,

    Plaintiff,

v.                                        Case No. 05-C-255

BANK OF AMERICA MORTGAGE,
WAUKESHA STATE BANK, and
BANK ONE,

    Defendants.

## ORDER ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

On October 7, 2005, Martin D. Koenig ("Koenig") filed a motion requesting that this court enjoin the opposing parties from maintaining the foreclosure proceedings against him in <u>Bank of America, N.A. v. Koenig</u>, Waukesha County Circuit Court Case Number 05-C-599. That action was filed by Bank of America on the same day that the instant suit was filed, but Koenig has not made an appearance in the state court proceedings. The Waukesha County Circuit Court, the Honorable Robert G. Mawdsly presiding, has issued a scheduling order that requires Bank of America appear on October 17, 2005 to advise the court as to the status of the foreclosure. In light of this upcoming status conference and the potential impact of Koenig's motion on those proceedings, this court conducted a hearing to address whether a stay should be granted on October 14, 2005. Koenig appeared in person and by his attorney, D. Winthrop Hass. Bank of America appeared by Attorney Michael Riley, and Waukesha State Bank appeared by Attorney Timothy Andringa. Bank One, the remaining defendant, was served with the plaintiff's complaint on March 11, 2005 and was served with notice

of the hearing on Koenig's motion by the court. Bank One has not filed an answer or otherwise appeared in this action and was not represented at the October 14, 2005 hearing.

As grounds for his motion for preliminary injunctive relief, Koenig claims that the provisions of the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501 et. seq. allow this court to stay enforcement of the foreclosure and to determine his obligations under the mortgage held by Bank of America and the small business administration loan held by Waukesha State Bank, for which Koenig is a guarantor.

At the preliminary injunction hearing, the parties agreed that this court has jurisdiction to carry out the provisions of the Servicemembers Civil Relief Act and that the court has federal jurisdiction as to other disputed matters based on the diversity of the parties and the amount in controversy. In addition, the parties agreed that the court has authority to stay the enforcement of mortgage and loan agreement, in accord with the provisions of 50 App. U.S.C. § 591. That section states that a servicemember may:

> during military service or within 180 days of termination of or release from military service, apply to a court for relief—
> (1) from any obligation or liability incurred by the servicemember before the servicemember's military service.

§ 591(a)(1). Because Koenig's active service ended on September 16, 2004, the instant action was timely filed for purposes of § 591(a)(1), and the court may stay enforcement of Bank of America's mortgage and Waukesha State Bank's loan agreements, in accordance with the specifications set forth in § 591(b). Thus, Koenig's motion will be granted to the extent that the parties are enjoined from taking any course of action that frustrates the court's future proceedings under § 591. Furthermore,

2

the parties are to work towards an agreement that comports with the provisions of the Servicemembers Civil Relief Act.

For all of these reasons and for reasons stated in more detail on the record, the court now enters the following order:

**IT IS THEREFORE ORDERED** that Koenig's motion for injunctive relief is granted to the extent that the parties are preliminarily enjoined from taking any course of action that frustrates the court's ability to carry out the provisions of the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501 et. seq.

**IT IS FURTHER ORDERED** Koenig shall submit proposed loan work out agreements to Bank of America and Waukesha State Bank no later than **November 1, 2005.** Bank of America and Waukesha State Bank shall respond to Koenig's proposal by **December 1, 2005.** The court shall be advised of the status of the work out agreement no later than **December 15, 2005.**

**IT IS FURTHER ORDERED** that, if the parties are unable to reach an agreement, the court will conduct a telephone scheduling conference to discuss discovery and other further proceedings in this case. The telephone conference will be held on **December 21, 2005** at 9:00 a.m, and counsel shall advise the court in advance as to the names and direct telephone numbers of each attorney participating in the conference. The court will place the call.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2005.

AARON E. GOODSTEIN
United States Magistrate Judge

3